UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pierre Kalombo, | Case No. 24-CV-1977 (NEB/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Skillet, | |
| Defendant. | |

This matter is before the Court on Plaintiff Pierre Kalombo's Amended Complaint (ECF No. 7) and Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) ("IFP Application"). While Mr. Kalombo's IFP application indicates he likely qualifies financially for *in forma pauperis* ("IFP") status, the federal statute governing IFP proceedings mandates that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that … the action … fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2). The Court thus considers whether this action should be dismissed for failure to state a claim. For the reasons below, the Court recommends dismissing this action and denying the IFP Application as moot.

**I.   Allegations**

Mr. Kalombo is an immigration detainee at the Kandiyohi County Jail ("KCJ"). His allegations are brief. He alleges jail officials are serving him cereal without milk, a granola bar, and eight ounces of juice for breakfast. (ECF No. 7.) Because of the absence of milk with his cereal, he considers this meal to be inadequate. (*Id.*) For this omission, Mr. Kalombo seeks $6 million in damages. (*Id.*)

## II. Legal Standards

To determine whether a complaint states a claim for which a court may grant relief, a court must accept the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)). A complaint's factual allegations need not be detailed, but they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). A complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A court's consideration of whether a pleading states a plausible claim is "context-specific"; the court must "draw on its judicial experience and common sense." *Id.* at 679; *accord Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc).

The Amended Complaint does not specify the legal wrong suffered, but since Mr. Kalombo is a pro se litigant and seeks relief under 42 U.S.C. § 1983, the Court liberally construes his pleading as alleging his conditions of confinement violate the United States Constitution. *See Holt v. Caspari*, 961 F.2d 1370, 1372 (8th Cir. 1992) ("Pro se complaints must be liberally construed…."). Although the Amended Complaint is construed liberally, it still must allege enough facts to support the claims advanced. *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741–42 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

As an immigration detainee, Mr. Kalombo has constitutional protections similar to those of pretrial detainees. *See Ukofia v. Dep't of Homeland Sec.*, No. 09-CV-0017 (PJS/JJG), 2010 WL 597059, at *6 (D. Minn. Feb. 17, 2010) ("The status of an immigration detainee is similar to the status of a pretrial detainee."); *see also, e.g.*, *Zongo v. Carver Cnty.*, No. 21-CV-1521 (NEB/BRT),

2022 WL 2496084, at *7 (D. Minn. May 23, 2022) (citing *Ukofia*), *report and recommendation adopted*, 2022 WL 2467785 (D. Minn. July 6, 2022); *Angelica C. v. Immigr. & Customs Enf't*, No. 20-CV-0913 (NEB/ECW), 2020 WL 3441461, at *14 (D. Minn. June 5, 2020), *report and recommendation adopted*, 2020 WL 3429945 (D. Minn. June 23, 2020). When pretrial detainees challenge their confinement conditions, the constitutional issue is whether the conditions constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *see also, e.g.*, *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021) (citing *Bell*).[1] "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Bell*, 441 U.S. at 537. To constitute punishment, the challenged action or condition must: (1) be motivated by an express intent to punish; (2) have no rational relation to a legitimate governmental objective; or (3) be excessive in relation to a legitimate governmental objective. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015); *see also Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (restating the *Bell* standard).

**III.   Analysis**

Applying these standards, the Court finds Mr. Kalombo has failed to sufficiently allege that Defendants have subjected him to "punishment." The Amended Complaint does not claim

---

[1] Mr. Kalombo's status as a federal immigration detainee in a county jail makes it unclear whether the Fifth or Fourteenth Amendment governs his claims. *See, e.g.*, *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (noting distinction). Eighth Circuit caselaw does not definitively address this. *Cf. Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015) (referring to immigration detainee's failure-to-protect claim in county jail as a Fourteenth Amendment claim without further analysis). But the legal standards for inappropriate punishment—the constitutional issue in this case—appear to be consistent under both amendments. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 746 (1987) (addressing Fifth Amendment due process claim); *Martinez v. Turner*, 977 F.2d 421, 423 & n.1 (8th Cir. 1992) (same); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (addressing Fourteenth Amendment due process claim (citing *Bell*, 441 U.S. 520 at 538, 561 (1979)); *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023) (addressing Fourteenth Amendment due process claim and citing *Bell*)). The Court therefore need not decide which amendment applies here.

Defendants had an express intent to punish him or suggest the KCJ's dietary choices lack any reasonable relation to legitimate governmental objectives. The Amended Complaint states that the KCJ's breakfast options do not "make the cut for a sufficient meal." (ECF No. 7.) But this alone does not establish that overall meal provisions at the KCJ are "nutritionally inadequate." And though it is traditional in American culture to serve cereal with milk, the absence of milk does not suggest Mr. Kalombo's breakfasts are so excessively deficient that they are "nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992); *cf. Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (finding evidence of inadequate nutrition because plaintiff claimed he was fed 1200 calories when he required 2000, and that he had lost fourteen pounds during the alleged period of malnutrition). While Mr. Kalombo may dislike his breakfast options, the Amended Complaint does not support the conclusion that his conditions of confinement at the KCJ are constitutionally problematic.

The Court therefore recommends dismissing the Amended Complaint without prejudice for failure to state a claim. Given this recommendation, the Court also recommends denying his IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim; and

2. Plaintiff Pierre Kalombo's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) be **DENIED** as moot.

Dated: September 16, 2024                      *s/ Dulce J. Foster*
                                                Dulce J. Foster
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).